| 1 | CASPER J. RANKIN (CA SBN 249196) |
| 2 | MELODIE A. WHITSON (CA SBN 253992) |
|   | PITE DUNCAN, LLP |
| 3 | 4375 Jutland Drive, Suite 200 |
|   | P.O. Box 17933 |
| 4 | San Diego, CA 92177-0933 |
|   | Telephone: (858) 750-7600 |
| 5 | Facsimile: (619) 590-1385 |

Attorneys for US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR HEAT 2005-9

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>GREGORY J. TYLER,<br><br>       Debtor(s). | Case No. 10-42420-EDJ<br><br>Chapter 13<br><br>R.S. No. CJR-1074<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001)<br><br>DATE:    June 18, 2010<br>TIME:    10:00 am<br>CTRM:    215<br><br>1300 Clay Street<br>Oakland, CA 94604-1426 |

TO THE RESPONDENTS NAMED ABOVE:

US Bank National Association, as Trustee for HEAT 2005-9[1] ("Movant"), respectfully represents as follows:

### RELIEF FROM STAY - CAUSE

### FAILURE TO MAKE POST-PETITION PAYMENTS

1)    This court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 United States Code §§ 157, 1334, and 11 United States Code § 362.

2)    On or about March 5, 2010, Gregory J. Tyler ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Martha G. Bronitsky is the appointed Chapter 13 Trustee.

/./././

---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

3) On or about September 16, 2005, Debtor, for valuable consideration, made, executed and delivered to Ownit Mortgage Solutions, Inc. ("Lender") a Note in the principal sum of $580,000.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments commencing November 1, 2005, and continuing until October 1, 2035, when all outstanding amounts are due and payable. A true and correct copy of the Note is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit A and incorporated herein by reference.

4) On or about September 16, 2005, Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the certain real property located at 2815 Channing Way, Berkeley, California 94704 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on September 28, 2005, in the Official Records of Alameda County, State of California. A true and correct copy of the Deed of Trust is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit B and incorporated herein by reference.

5) Subsequently, Lender's beneficial interest in the Deed of Trust was sold, assigned and transferred to Movant. A true and correct copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Deed of Trust to Movant is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit C and incorporated herein by reference.

6) The obligations under the Note are in default for failure to make payments as of November 1, 2009. As of May 20, 2010, the total obligation due and owing under the Note is in the approximate amount of $638,292.31, representing the principal balance of $602,862.78, interest in the sum of $19,631.43, late charges in the amount of $499.52, escrow advances in the amount of $14,428.58, a recoverable balance in the amount of $840.00, and other charges in the amount of $30.00. Moreover, the total arrears under the Note are in the approximate sum of $47,588.58, excluding the post-petition attorneys' fees and costs incurred in filing the instant

2

1  Motion. This is an approximate amount for purposes of this Motion only, and should not be
2  relied upon as such to pay off the subject loan as interest and additional advances may come due
3  subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting
4  Movant's counsel.

5  7) Pursuant to 11 United States Code section 1322, and the Debtor's Chapter 13
6  Plan, the Debtor is obligated to make all post-petition payments owing on the Note directly to the
7  Chapter 13 Trustee for distribution to Movant. Pursuant to the Debtor's Chapter 13 Plan, the
8  Debtor is required to tender $4,038.00 monthly to the Chapter 13 Trustee. The monthly payment
9  due to Movant under the Note and Deed of Trust is $4,697.84. Additionally, Movant has not
10 received the post-petition payments owing for April 1, 2010 through May 1, 2010. Accordingly,
11 the post-petition arrears owing under the Note are in the approximate sum of $9,395.68,
12 consisting of two (2) payments in the amount of $4,697.84 each, excluding the post-petition
13 attorneys' fees and costs incurred in filing the instant Motion.

14 8) A debtor's failure to make post-petition mortgage payments as they become due in
15 a Chapter 13 case constitutes "cause" for relief from the automatic stay pursuant to 11 United
16 States Code § 362(d)(1). In re Ellis, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985). Accordingly, as the
17 Debtor has failed to make post-petition payments under the Note, Movant is entitled to relief
18 from the automatic stay pursuant to 11 United States Code § 362(d)(1).

## RELIEF FROM STAY

## LACK OF EQUITY

21 9) Movant is informed and believes that, based on the Debtor's bankruptcy
22 Schedules, the fair market value of the Real Property is no more than $500,000.00. True and
23 correct copies of Debtor's bankruptcy Schedules A and D are collectively attached to the
24 Declaration in Support of Motion for Relief From Automatic Stay as exhibit D and incorporated
25 herein by reference.
26 /./../
27 /./../
28 /./../

3

10) Based on the above, under the best case scenario, Movant is informed and believes that the equity in the Real Property is as follows:

|  |  |
|---|---:|
| Fair Market Value: | $500,000.00 |
| Less: | |
|   Movant's Trust Deed | $638,292.31 |
|   Costs of Sale (8%) | $40,000.00 |
| Equity in the Property: | <$178,292.31> |

As a result, there is no equity in the Real Property to be realized by the Debtor or the bankruptcy estate. Further, as the Debtor is unable to service the debt on the Real Property, Movant contends that the Real Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from stay under 11 United States Code § 362(d)(2).

11) If Movant is not allowed to regain possession of and to foreclose on the Real Property it will suffer irreparable injury, loss and damage.

## **RELIEF FROM STAY - CAUSE**
## **ADEQUATE PROTECTION**

12) Pursuant to the provisions of 11 United States Code §§ 361 and 362(d), Movant is entitled to adequate protection of its interest in the Real Property.

13) Movant submits the adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

14) Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

15) By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant and to make payments as required by 11 United States Code § 1322.

/././/
/././/
/././/

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

16) Terminating the automatic stay of 11 United States Code § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

17) That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

18) Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

19) Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;

20) Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtor's obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

21) That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

22) For such other and further relief as the court deems just and proper.

Dated: June 2, 2010     PITE DUNCAN, LLP

/s/ CASPER J. RANKIN (CA SBN 249196)
Attorneys for US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR HEAT 2005-9